GERARD *v.* STATE.

5048 363 S. W. 2d 916

Opinion delivered January 21, 1963.

*Sam Montgomery,* for appellant.

*Frank Holt,* Atty. General, by *Russell G. Morton,* Assistant Attorney General, for appellee.

CARLETON HARRIS, Chief Justice. This appeal involves the question of the proper method of revocation of a suspended sentence. Appellant, Julius Gerard, Jr., was charged with, and convicted, of the crime of Assault with a Deadly Weapon in the Pulaski Circuit Court on May 25, 1961. The jury fixed appellant's punishment at a fine of $1,000 and one year's imprisonment. Suspension of the penalty was recommended to the court. The court complied partly with the recommendation of the jury by suspending the imprisonment, but refused to sus-

pend the fine, giving Gerard one week in which to pay same.[1] On March 27, 1962, a bench warrant was issued for appellant, wherein he was again charged with Assault with a Deadly Weapon (an entirely separate and distinct charge from that of which he was originally convicted). The court refused to allow bond, and on March 29, Gerard was brought into court in custody of the sheriff. Appellant moved for a continuance, but this motion was denied, at which time the court made the following statement,

"Certain information has come to the Court's knowledge that the defendant here has been in some trouble at a colored honkytonk some time ago—I don't remember just when, and he has further been in trouble—or is in trouble now—on a gaming charge at the AmVet's Post Number Sixty in North Little Rock, which case is now pending before the Municipal Court of North Little Rock —set for trial on the twelfth. It is the Court's further understanding that bond was forfeited on a charge of assault with a deadly weapon two or three days ago, in a disturbing the peace count. I am just making a statement. The purpose of this hearing, of course, is to consider the revocation of a suspended sentence imposed on 5-25-61."

After hearing the testimony of seven police officers of Little Rock and North Little Rock,[2] the court announced that the suspended sentence was being revoked. Counsel for appellant stated that he desired to call witnesses, but the court refused this request, stating, "I don't think you have got any right to call witnesses. This is a summary proceeding." The court also refused to permit appellant to say anything, and entered its judgment, finding that Gerard had violated the terms of his suspension, and that the suspended sentence should be revoked and the defendant committed. Appellant moved for an appeal to the Supreme Court, and asked that bond be fixed, pending the appeal. The motion was denied by the trial court, but on April 18, 1962, this court

---

[1] The fine has been entirely paid.

[2] The testimony of the officers dealt with alleged offenses on two occasions, March 12th and March 17th, 1962.

granted an appeal and fixed bail, pending disposition of the appeal, in the sum of $2,500.

For reversal, appellant first urges that the court had no jurisdiction on March 29, 1962, to take any action on the judgment rendered on May 25, 1961, since that judgment was final. We do not agree. Of course, the judgment was final in the sense that it was appealable, but it certainly was not final in the sense that it was irrevocable. The meaning of the word, "suspended" (Webster's Third New International Dictionary) is "temporarily debarred, inactive, held in abeyance." In fact, we have already held contrary to appellant's contention. In *State Medical Board* v. *Rodgers,* 190 Ark. 266, 79 S. W. 2d 83, quoting from an earlier case, we said, " 'It was not necessary to decide in that case whether it could be done or not. However, we are now called upon to confirm the doubt there expressed; and we do now so hold. The judgment rendered is not a final one. Evidently, it was in the contemplation of the court that some further order might be entered. The defendant might be brought in under this plea at some subsequent term, and the punishment then imposed which the plea authorized . . .' "

Further, we added,

"We think this case very much in point and decisive of the question here presented. There has been no conviction within the meaning of the statute. There has been no final judgment entered because the sentence has been suspended, and the appellee has not been required to surrender himself in execution of such judgment."

Appellant complains that the provisions of Act 44 of the General Assembly of 1953 were not complied with by the court at the time of the suspension of the sentence. That act authorizes the trial judge "to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to probation of the person convicted, the restitution of the property involved, and the payment of the costs of the case. Such postponement shall be in the form of a sus-

pended sentence for a definite number of years, running from the date of the plea or verdict of guilty and shall expire in like manner as if sentence had been pronounced; provided however, the Court having jurisdiction may at any time during the period of suspension revoke the same and order execution of the full sentence.''

Appellant states that the court did not promulgate any conditions for probation, and did not fix a definite number of years for the suspended sentence to run. We find no merit in appellant's argument. For one thing, according to the record, the trial judge, on March 29, in open court, commented as follows:

''I followed the jury's recommendation on this suspended sentence, and I remember at the time I told Mr. Gerard I didn't want him operating a club, didn't want him around a club, I would like for him to behave himself. A man on Ninth Street at three or four o'clock in the morning and who forfeits bond on a charge of—(here interrupted by counsel).''

There is nothing in the act which provides that any ''conditions'' must be in writing. For that matter, it would appear that a defendant should know that the suspension of the execution of the punishment given him, is dependent upon his good behavior. Of course, it would probably be helpful, and conducive to the future good conduct of one under a suspended sentence (and therefore, the better practice), for the court to enumerate, to some extent, acts that should be avoided, or places that the defendant should refrain from frequenting, etc., but we do not agree that failure to designate particular conditions has the effect of depriving the trial court of its power to subsequently revoke suspended sentences. It is obvious that the primary purpose of the General Assembly, in passing Act 44, was to set a definite period of time in which a suspended sentence would operate; in other words, the Legislature had the intent to end the practice of a trial court postponing a sentence indefinitely. Here, the sentence was suspended for a definite period of time—one year, and the suspension was revoked

within that time. It follows that this contention is without merit.

It is asserted that the court erred by refusing to allow appellant to present the evidence of witnesses in his behalf, and in refusing to permit the appellant to say anything in his own defense. We firmly agree with this contention, and this error by the court necessitates a reversal. When defense counsel proposed to call witnesses (following conclusion of the testimony of officers), the court refused to permit this to be done, and likewise, when Gerard asked, "Judge, Sir, could I say something?", replied, "No, Sir." It is true that the officers testified to acts on the part of Gerard that appear inconsistent and incompatible with the proper conduct of one under a suspended sentence. However, irrespective of the offense with which one is charged, and regardless of the testimony against him, a defendant is entitled to call his witnesses — and certainly, — to testify himself. A basic principle of American justice is that every defendant is entitled to be heard, and this is a privilege that can be denied to an accused by only one party—the defendant himself. No case is cited by the state that supports the trial court's ruling on this point. Rather, our cases support the position taken by appellant, though they were not decided on the point under discussion. See *Bodner* v. *State*, 221 Ark. 545, 254 S. W. 2d 463, *Parkerson* v. *State*, 230 Ark. 118, 321 S. W. 2d 207. Both of these cases involved revocation of suspended sentences. The opinion in the *Bodner* case reflects that the trial court asked Mrs. Bodner if she was ready for a hearing, and she replied in the affirmative. A review of the transcript in that case reflects that Mrs. Bodner testified quite at length (though to no avail, since her suspended sentence was revoked). The Parkerson case contains language clearly indicating that one charged with acts, which could result in a revocation of his suspended sentence, is entitled to put on his defense, and the transcript in that case reflects, that though the defendant did not testify, or call any witnesses, he was given the opportunity to do so by the trial court.

Appellant complains that he was not given sufficient time in which to prepare his defense, but in view of the fact that this case is being reversed, the question is now moot. It is likewise urged that the court erred in not permitting appellant to make bond. Again, this is no longer of consequence in the case before us, though our concept of the matter is probably best shown by the fact that we, in April, 1962, directed that appellant be allowed bond, pending this appeal.

In accordance with the views herein expressed, the judgment of the Pulaski Circuit Court, entered on March 29, 1962, wherein the suspended sentence originally given appellant was revoked, is reversed and set aside, and the cause remanded to said court with directions to permit appellant to offer such evidence in his behalf as he may desire.

In order that there be no misunderstanding, we call attention to the fact that these proceedings will, in effect, be the same as though heard before the original expiration date of appellant's suspended sentence (May 25, 1962). In other words, appellant cannot now contend that the year has expired, for the appeal taken herein had the effect of tolling, or stopping, the running of the time; nor can it be successfully argued that appellant could not, at most, serve more than approximately two months.[3] Our statute, § 43-2324, Ark. Stats., 1961 Supp. (Act 44, 1953) concludes in the following manner:

"provided however, the court having jurisdiction may at any time during the period or suspension revoke the same and *order execution of the full sentence.*[4]

Reversed and remanded.

Mr. JUSTICE HOLT disqualified.

---

[3] The original conviction and suspension of sentence occurred on May 25, 1961, and the suspension of sentence was revoked on March 29, 1962.

[4] Emphasis supplied.