1034

Larry CURETON *v.* STATE of Arkansas

CA CR 79-61

Opinion delivered October 24, 1979
and released for publication November 16, 1979

*Pryor, Robinson, Taylor & Barry,* for Appellant.

*Steve Clark,* Atty. Gen, by: *Robert J. DeGostin,* Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Judge. On January 24, 1978, appellant entered a plea of guilty to charges of forgery and uttering a $28.00 check. He was sentenced to the Department of Correction for five years, with four years suspended, on the forgery count and was placed on probation for five years on the uttering charge.

On February 5, 1979, the Prosecuting Attorney for Sebastian County filed a petition to revoke appellant's suspended sentence and term of probation. Appellant allegedly went to the Foxfire Club, a private club in Fort Smith, and, after having been denied admittance because he and an associate were dressed in blue jeans, broke into the club and assaulted the manager; and that this conduct was done in violation of his probation and suspended sentence; that appellant's associate, Jackie Queen, was a known felon.

On February 8, 1979, the trial court, after conducting a revocation hearing, revoked appellant's probation and suspended sentence and sentenced the appellant to the Department of Correction for four years on the forgery charge and ten years on the uttering count, with both sentences running concurrently. The court suspended two years of the sentence.

Appellant contends that the trial court abused its discretion in revoking his prior sentence and probation; and that the imposition of the maximum sentence on the uttering count is a further abuse of the court's discretion.

In *Pearson v. State*, 262 Ark. 513, 558 S.W. 2d 149 (1977), the Arkansas Supreme Court in holding that "abuse of discretion" would no longer be the standard to be used in evaluating a trial court's finding in a revocation proceeding, stated:

> . . . A court may revoke the probation, enter a judgment of conviction, and impose any sentence that may have been imposed originally for the offense 'if the *court finds by a preponderance of the evidence* that the defendant has inexcusably failed to comply with a condition of his suspension or probation.' . . . (Emphasis added.) See also: Ark. Crim. Code § 41-1208(4) and (6) (1977 Repl.)

After reviewing the record, we cannot say that the trial court's finding that appellant had inexcusably failed to comply with the condition of his probation and suspended sentence

is against the preponderance of the evidence and, according-ly, we affirm.

Appellant was adequately advised by the trial court, when appellant was initially placed on probation and given the suspended sentence, that his probation and suspended sentence were conditioned on his good behavior, that appellant was expected to live as a good law-abiding citizen and to get along with people; that appellant must not associate with persons who have criminal records; and that appellant was not to frequent "beer joints."

Appellant admitted that prior to his arrival at the Fox-fire Club, he had visited the Relay Station, a bar in Fort Smith; that he left the Relay Station with Jackie Queen, a convicted felon, at approximately 2:00 a.m.; and that he had one "Pony Budweiser" beer earlier in the evening. Appellant acknowledged that he was involved in an altercation at the Foxfire Club, but insisted that he was not the aggressor. It is clear that appellant and Jackie Queen were seeking to enter the Foxfire Club over the objections of the manager because they were dressed in blue jeans; that the altercation grew out of appellant's efforts to gain entry into the club; and that appellant and Jackie departed after an employee at the club ordered them away at gun point.

Appellant argues that the trial court committed error in taking into consideration, in revoking his probation and suspended sentence, that appellant had been associating with Jackie Queen, a convicted felon. Appellant contends that Jackie is his first cousin and that they were virtually reared in the same household and Jackie is regarded as a member of appellant's immediate family. Consequently, argues appellant, the condition imposed relating to appellant's non-association with persons who have criminal records should not apply under the circumstances existing in this case. We are not impressed with appellant's argument inasmuch as it is clear that appellant and Jackie Queen, at the time that appellant received the suspended sentence and probation, were not residing in the same household and the trial court made it crystal clear that appellant was not to associate with any person who had a criminal record. Moreover, if appellant

was uncertain about the application of the condition to his cousin or if the need arose where it became necessary for appellant to visit his cousin or to share accommodations, appellant could have either checked with his parole officer or the trial court for direction and guidance.

Finally, appellant argues that when the trial court imposed the probation and suspended sentence, he was led to believe that in the event his probation and suspended sentence were revoked, the court would impose a sentence equal to the original suspended term and the probationary period; and for the trial court to sentence him to ten years on the uttering charge instead of five years, appellant was denied due process of law since he was not duly notified of the potential sentence to which he may be subjected. Appellant makes this argument for the first time at the appellate level. It is well recognized that an appellate court will not consider a question raised for the first time on appeal. *Hughes* v. *State*, 246 Ark. 723, 574 S.W. 2d 888.