Randy ROSS *v.* STATE of Arkansas

CR 79-212                                    594 S.W. 2d 852
Supreme Court of Arkansas
Opinion delivered March 3, 1980

*James C. Cole,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. In 1976, appellant, Randy Ross, a fifteen year old Malvern, Arkansas resident, entered a plea of guilty to the charge of aggravated robbery and was sentenced to five years in the state penitentiary with four years suspended. Although appellant's suspended sentence was not expressly conditional, the trial court revoked the appellant's suspension approximately two years after he had been released from the state penitentiary for violating the terms and conditions of his suspended sentence when he committed the separate crimes of battery and aggravated assault. On appeal, appellant argues that the trial court lacked authority to revoke his suspended sentence on the basis of a violation of an implied condition. We agree.

Ark. Stat. Ann. § 41-1203 (Repl. 1977) authorizes a court to establish certain reasonable conditions which may be imposed in connection with a suspended sentence and provides in part as follows:

> (1) . . . The court shall provide as an express condition of every suspension or probation that defendant not commit an offense punishable by imprisonment during the period of suspension or probation.

> (4) If the court suspends the imposition of sentence on a defendant or places him on probation, the defendant shall be given a written statement explicitly setting forth the conditions under which he is being released.

In spite of the failure of the trial court to expressly condition appellant's suspended sentence as required by statute, the state contends that good behavior is an implied condition of every suspension and need not be expressed in writing or otherwise since a person should be presumed to know that his

suspended sentence is contingent upon his refraining from criminal conduct. The state primarily relies on *Gerard* v. *State,* 235 Ark. 1015, 363 S.W. 2d 916 (1963), in which we held that the failure to provide certain written conditions in connection with a suspended sentence did not deprive the trial court of the power to revoke suspended sentences. In *Gerard, supra,* however, we were not confronted with the lack of any express-ed conditions since the trial judge had orally admonished the defendant of certain conditions of his suspended sentence during the imposition of the sentence. Moreover, our holding in *Gerard, supra,* preceded the adoption by the General Assem-bly of a requirement of written conditions in connec-tion with suspended sentences. In light of this current legislative expression, all conditions for a suspended sentence, including any requirement of good behavior, must be in writing if the suspended sentence is to be revokable. Therefore, courts have no power to imply and subsequently revoke conditions which were not expressly communicated in writing to a defendant as a condition of his suspended sentence. This result not only comports with any due process requirements owed to a defendant upon the imposition of a suspended sentence but may serve to deter criminal conduct which a defendant might otherwise commit but for a full ap-preciation of the extent of his jeopardy.

Reversed