David J. BURT *v.* STATE of Arkansas

CR 80-209                                    608 S.W. 2d 15
Supreme Court of Arkansas
Opinion delivered December 1, 1980

*Hixson & Cleveland*, by: *Coy J. Rush, Jr.*, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Chief Justice. Appellant David J. Burt was charged with five counts of theft by deception [Ark. Stat. Ann. § 41-2203 (Supp. 1979)]. On September 6, 1979, he entered a negotiated plea of guilty and was placed on probation for ten years. One of the conditions of his probation was that he make full restitution of $16,200 to Don Moak, the victim of the offenses with which he was charged. On January 7, 1980, the state filed a petition for revocation of the probation on the ground that appellant had failed to make full restitution by failure to pay $4,000, with interest at ten percent to Moak, on January 1, 1980, the date this final installment became due. On February 1, 1980, after a hearing, the probation was revoked and the sentence, after modification to imprisonment for five years, with three of them suspended upon condition of payment of the balance required for full restitution to Moak, was pronounced.

Appellant asserts that the trial court erred in revoking the probation because the court failed to follow statutory requirements in the initial sentencing procedures. We agree and reverse the judgment.

At the time of the sentencing, Burt, addressing the trial judge, stated that he did not know anything about the courts, that the payment of restitution depended upon his ability to continue the business he was in, but that, due to his inability to be "bonded," he was compelled to give up his business and line of work and was unable to obtain a job, because he was 100 percent disabled. The trial judge simply informed Burt that there would be no difference for ten years, because appellant stood convicted of the crime anyway, but at the end of ten years, his record might be cleansed, "so to speak."

Burt testified that, after he left the court, the probation

officer advised him that he would be unable to leave the state without contacting the probation officer and that he would not be permitted to carry a gun or to frequent places that dispensed alcohol. Burt said that these conditions caused the bonding company, by whom he had been employed, to decide that he was of no further use to them because a "bond-jumper" could be in another state by the time Burt could get ahold of his probation officer. Burt testified, without any contradiction, that he never received any written statement of the conditions of his probation. On cross-examination, Burt said that he understood all of the conditions except one, i.e., that the last payment was due on January 1, 1980, rather than January 1, 1981. The record does not disclose that the trial judge ever stated the schedule for restitution to appellant at the time the order of probation was pronounced. The plea questionnaire executed by appellant prior to the entry of his plea states no time within which restitution was to be made. At the time appellant entered his plea he said that he understood that he was to "pay the gentleman his money back." The prosecuting attorney, in making his recommendation, did state that the final payment was to be made on January 1, 1980.

Ark. Stat. Ann. § 41-1203 (4) (Repl. 1977) provides that when a trial court suspends the imposition of sentence on a defendant or places him on probation, "the defendant shall be given a written statement explicitly setting forth the conditions under which he is being released." The state concedes that appellant received no such written statement. In *Ross* v. *State*, 268 Ark. 189, 594 S.W. 2d 852, we held that a circuit court has no power to revoke probation of a defendant when a written statement explicitly setting forth the conditions of the probation has not been given to the defendant as required by Ark. Stat. Ann. § 41-1203.

The state recognizes the holding in *Ross*, on March 3, 1980, but argues that it should not be retroactive, without explaining why. We simply applied the clear language of the statute. As early as 1963, we pointed out the lack of a statutory requirement that the conditions of a probation or suspension be in writing and the desirability of a trial court's enumeration of conditions. See *Gerard* v. *State*, 235 Ark. 1015,

363 S.W. 2d 916. The case before us is certainly illustrative of the reason for the mandatory language of the statute which became effective 13 years after *Gerard* was decided. One could hardly be heard to say that he misunderstood the conditions of his probation if the statute is followed.

The drafters stated that the statute insured that a defendant be aware of the conditions to which he must conform his future conduct and took our decision in *Gerard* as an endorsement of the procedural requirement that a defendant be furnished with a written list of conditions. See Commentary, § 41-1203. The mandatory nature of the requirement is stated in the statute and not established by *Ross*, so the question of retroactivity simply does not exist.

The judgment is reversed.