## 62322. JORDAN v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of child molestation and sentenced under the Youthful Offender Act. The alleged victim, a six-year-old girl, claimed that appellant took her pants down and had sexual relations with her. The girl and her three-year-old brother were periodically kept by appellant's mother. On the occasion of the alleged offense, the mother was out of town so the children were left in the custody of appellant's sister. Late in the afternoon, his sister left and instructed appellant to watch the children. It was at that time that the offense was alleged to have taken place.

1. Appellant contends that it was error for the trial court to allow the district attorney to refuse appellant's request to take a polygraph test at the state's expense. "[U]pon an express stipulation

of the parties that they shall be admissible, the results of a lie detector test shall be admissible as evidence for the jury to attach to them whatever probative value they may find them to have." *State v. Chambers,* 240 Ga. 76 (239 SE2d 324). Since the district attorney was not agreeable to the admission into evidence of polygraph test results, it would have been useless for him to commit the state's funds to such a test. "The trial court is not authorized or required to compel the district attorney to administer to a defendant a polygraph test." *Benson v. State,* 150 Ga. App. 569 (3) (258 SE2d 156). Therefore, appellant's first enumeration of error is without merit.

2. Appellant's next enumeration of error contends that the trial court erred in refusing his motion for a mistrial after appellant objected to an improper question by the district attorney. On cross examination, the district attorney inquired whether appellant had ever had psychological counseling. Appellant's counsel objected just as the appellant was answering the question in the negative. The objection was sustained, the jury was instructed to disregard the question, and the district attorney was ordered not to pursue that line of questioning. After the evidence was closed, appellant made his motion for a mistrial, which was denied.

This court has held that after the trial court has rebuked the offending counsel and instructed the jury appropriately, a new trial will not be granted unless it is clear that his action failed to eliminate from the consideration of the jury such improper remark. *Pullen v. State,* 146 Ga. App. 665, 666 (247 SE2d 128). There is nothing in the record to suggest that the trial judge failed to achieve the desired result or that there was an abuse of the trial court's discretion. Furthermore, any likelihood of prejudice caused by the question was effectively extinguished when appellant answered, "No." Therefore, no ground for reversal appears.

3. Finally, appellant urges the general grounds, maintaining that the verdict is contrary to the evidence. The United States Supreme Court stated in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), that if upon consideration of the evidence a rational trier of fact could have found guilt beyond a reasonable doubt, the evidence is sufficient. We find that, although there was evidence to bolster the defendant's case, there was sufficient evidence for a rational jury to convict the appellant.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 25, 1981.

*Robert M. Coker,* for appellant.

718

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.