Alfred BREWER *v.* STATE of Arkansas

CR 81-91                                   621 S.W. 2d 698

Supreme Court of Arkansas
Opinion delivered October 5, 1981

*E. Alvin Schay,* State Appellate Public Defender, by: *Deborah Davies Cross,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Two cases are combined in this appeal. Appellant first appealed the revocation of a sentence of probation, and while that appeal was pending he appealed an order dismissing a petition for post-conviction relief under Rule 37, A. R. Crim. P. The Court of Appeals consolidated the two cases[1] and certified the appeal to us pursuant to Rule 29 (4).

Before considering the revocation of the sentence of probation, we point out that we will not consider the issues raised under Rule 37, as we have repeatedly held that post-conviction relief is not a substitute for appeal and is not available while an appeal is pending. *Neal* v. *State,* 270 Ark. 442, 605 S.W. 2d 421 (1980); *Swisher* v. *State,* 257 Ark. 24, 514 S.W. 2d 218 (1974); *Clark* v. *State,* 255 Ark. 13, 498 S.W. 2d 657 (1973).

Appellant was charged with violation of the Arkansas Hot Check Law and with numerous counts of forgery. The charges were reduced to one felony and two misdemeanors upon a plea of guilty as part of a written plea agreement providing for restitution of $1,407.12 under a work-release program. Appellant received a sentence of seven years imprisonment, suspended with active probation pending the successful completion of the plea agreement. The written conditions stipulated that appellant was to remain in the Faulkner County jail at all times except to pursue employment during the day. Local employment was found and appellant agreed to pay $100.00 a week toward restitution and $5.00 a day for maintenance.

[1]CA CR 80-77 and CA CR 81-4.

After some two months the State filed a petition to revoke appellant's probation alleging that he had failed to pay an installment of $100.00, had left the jail without authorization over a weekend, was habitually late in returning to the jail after work and had harassed the jailers and deputies. After a hearing the trial court found that the appellant had violated the conditions of probation by taking unauthorized weekend leave and failing to maintain the scheduled restitution payments. His probation was revoked and he was sentenced to seven years in the Department of Correction, credited with 258 days jail time.

For reversal, appellant argues that the findings of the trial court were against the preponderance of the evidence. We find the evidence sufficient to support the findings. Appellant claims that his leaving the jail was not unauthorized; rather, that the evidence shows he was allowed by the jailer to leave and was only one payment behind in his restitution payments. The jailer did permit appellant to leave, but the appellant had been told by his probation officer and the chief deputy that he would have to have the sheriff's permission, which he did not have. Appellant permitted the jailer to assume he had permission to leave when he knew he did not. We cannot say that the trial court erred in finding that this constituted an inexcusable violation of the terms of probation. See Ark. Stat. Ann. § 41-1208 (4) (Repl. 1977). Had appellant's conduct in taking leave under these circumstances been the result of a good faith misunderstanding it might be possible to say it was excusable, but that is not the case. The evidence here supports the conclusion that appellant left the jail notwithstanding clear instructions to the contrary and by so doing knowingly violated his probation. We will not overturn a decision in the trial court to grant a petition to revoke unless it is clearly against the preponderance of the evidence. *Cureton* v. *State*, 266 Ark. 1034, 589 S.W. 2d 204 (Ark. App. 1979); *Pearson* v. *State*, 262 Ark. 513, 558 S.W. 2d 149 (1977).

The trial court also found that appellant failed to make a weekly $100.00 restitution payment, the reason being he spent his wages during the weekend he was free. Appellant does not deny this fact, but argues that this requirement is

not in writing, citing *Burt* v. *State*, 271 Ark. 245, 608 S.W. 2d 15 (1980), and *Ross* v. *State*, 268 Ark. 189, 594 S.W. 2d 852 (1980). It is true that the figure of $100.00 appears to have been fixed by informal agreement, rather than as part of the original plea agreement. Evidently that was because at the time the plea agreement was prepared and signed the appellant did not have employment and the exact amount of the payment could not be determined. However, at the commencement of the hearing the prosecution and the defense stipulated that terms of the probation were that appellant was to be incarcerated at nights and on weekends, work through the day and contribute $100.00 a week toward restitution. (T. 122) The appellant does not argue that he did not understand he was to pay $100.00; in fact, he made several payments of that amount. Hence, the reason behind the requirement that conditions be in writing, i.e. to avoid misunderstanding by the probationer, is not the source of the problem: The appellant simply chose to spend the money on other things rather than as he had agreed to. The over-all conditions of probation were in writing and signed by the appellant. Without relaxing the rule, we find no merit to the argument in the context of this case, where only the amount of the payment was not in writing and that amount was clearly agreed on.

Appellant also contends that Ark. Stat. Ann. § 46-423 (Repl. 197) provides that not more than 25% of an inmate's work-release income shall be apportioned to restitution, and the $100.00 payments exceeded 24% of appellant's wages. But this argument was not raised below prior to the order of revocation. Furthermore, the statute relied on applies only to misdemeanors, whereas appellant stands convicted of a felony. See § 2, Act 413 of 1977. It is sometimes said, correctly, that probation is granted by the trial court, not of right but of grace or sufferance. *Morgan* v. *State*, 267 Ark. 28, 588 S.W. 2d 431 (1979). The evidence fully supports the findings below that appellant inexcusably violated the conditions of his probation. It was the trial court's prerogative to revoke his probation.

The judgment is affirmed.