Thomas Truman HAYES, Jr. *v*. STATE of Arkansas

CR 88-200                                              767 S.W.2d 525

Supreme Court of Arkansas
Opinion delivered April 10, 1989

*Terry Crabtree*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y

Gen., for appellee.

ROBERT H. DUDLEY, Justice. The primary issue in this criminal case is whether the trial court erred in refusing to allow the appellant to testify that he was willing to take a polygraph examination. The trial court's ruling was correct and, accordingly, we affirm the convictions.

█ █ Arkansas law prohibits the admission of polygraph test results, except upon a written stipulation of the parties. *See* Ark. Code Ann. § 12-12-704 (1987); *Foster v. State*, 285 Ark. 363, 687 S.W.2d 829 (1985), *cert. denied*, 482 U.S. 929, 107 S. Ct. 3213 (1987). Such stipulation agreements are to be scrutinized carefully by the courts, and will not be honored if any questions or problems arise. *See, e.g., Foots v. State*, 258 Ark. 507, 528 S.W.2d 135 (1975). Further, we have held that any reference to a polygraph test, in the absence of an agreement or other justifiable circumstances, ordinarily constitutes prejudicial error. *Roleson v. State*, 272 Ark. 346, 614 S.W.2d 656 (1981). In *Roleson v. State*, 277 Ark. 148, 640 S.W.2d 113 (1982), we held that the trial court did not commit error when it refused to allow a line of questioning which might have led to the mention that a lie detector test had been taken. We noted that the trial court bore the responsibility of preventing any occurrence which might warrant a mistrial in the case. We similarly approve of the trial court's ruling in this case.

█ Our holding is in accordance with the case law in the majority of other jurisdictions and with several noted treatises. *See* Annotation, *Propriety and Prejudicial Effect of Comment or Evidence as to Accused's Willingness to Take Lie Detector Test*, 95 A.L.R.2d 819 (1964); Gianelli and Imwinkelried, *Scientific Evidence* § 8-1 to 8-8 (1986); Wharton, *Wharton's Criminal Evidence* § 593 (14th ed. 1987); and Underhill, *Underhill's Criminal Evidence* § 150 (5th ed. 1956). These sources state the general rule is that a defendant's willingness or unwillingness to take a lie detector test is inadmissible in evidence. The refusal to allow any reference to the accused's willingness to take a polygraph test is based on the inadmissibility of the results of such a test, once taken. These sources point out that the self-serving nature of such testimony destroys any probative value it might have, especially since an accused may be aware that the results of

such a test are generally inadmissible. While it is true that allowing testimony of this nature will not always constitute prejudicial error, *Van Cleave* v. *State*, 268 Ark. 514, 598 S.W.2d 65 (1980), we cannot fault the trial court's use of caution in excluding such testimony.

■ The appellant also tries to attack the sufficiency of the evidence to support his conviction. However, he did not preserve this issue for appeal by making a motion for directed verdict below, or by questioning the sufficiency of the evidence against him in any other manner. *See* A.R.Cr.P. Rule 36.21(b); *Hughes* v. *State*, 295 Ark. 121, 746 S.W.2d 557 (1988).

Affirmed.