James BRANDON *v.* STATE of Arkansas

CR 89-130                                       776 S.W.2d 345

Supreme Court of Arkansas
Opinion delivered September 25, 1989

*Schieffler Law Firm*, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Brandon was free on a suspended imposition of a sentence for burglary when he was charged with burglary and theft involving the home and property of Mr. and Mrs. A. B. Heard of West Helena. The state not only filed charges on those offenses, but petitioned the court to revoke

the suspended sentence. After a hearing, the judge found Brandon had violated a condition of his suspension and sentenced him to twenty years imprisonment. We affirm.

■ Five arguments are made for reversal, and all are meritless. First, Brandon asks for reversal because the court failed to conduct a preliminary revocation hearing (a final hearing was held within sixty days after the petition to revoke was filed). Ark. Code Ann. § 5-4-310(a)(1) (1987) provides for a preliminary hearing to determine if there is reasonable cause to believe the defendant has violated a condition of suspension. But a preliminary hearing is not required if the defendant is arrested for committing another criminal offense. Here, Brandon was not arrested for violating a condition of his suspension but for burglarizing the Heards' home. The federal courts have made this distinction, which we consider a sensible one. *See United States* v. *Saykally,* 777 F.2d 1286 (7th Cir. 1985); *United States* v. *Diaz-Burgos,* 601 F.2d 983 (9th Cir. 1979); *Thomas* v. *United States,* 391 F. Supp. 202 (W.D. Pa. 1975).

■ Brandon's second argument is that the trial court failed to furnish a written statement of the evidence relied on and the reasons for the revocation. *See* Ark. Code Ann. § 5-4-310(b)(5) (1987). He made no objection to the court's omission which precludes our consideration of the issue. *Lockett* v. *State,* 271 Ark. 860, 611 S.W.2d 500 (1981).

■ Error is also claimed because Mr. Heard remained in the courtroom during his wife's testimony even though the appellant had requested the witness sequestration rule. *See* A.R.E. Rule 615. Mr. Heard was a victim of the crime and had the right to be present notwithstanding Rule 615. *See Stephens* v. *State,* 290 Ark. 440, 720 S.W.2d 301 (1986); A.R.E. Rule 616.

■ Just before the hearing, Brandon asked for a chance to take a polygraph exam. The judge was correct in denying the request. The state did not stipulate that the results could be admitted, a prerequisite for using the results as evidence. *Hayes* v. *State,* 298 Ark. 356, 767 S.W.2d 525 (1989); *see also Jordan* v. *State,* 159 Ga. App. 716, 285 S.E.2d 71 (1981). Finally, the sufficiency of the evidence is questioned. The state must prove by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of suspension. Ark. Code

Ann. § 5-4-309(d) (1987). Unless the trial judge's decision is clearly against the preponderance of the evidence, we will not set it aside. *Brewer* v. *State*, 274 Ark. 38, 621 S.W.2d 698 (1981).

 The evidence is sufficient to support the revocation. Mrs. Heard called the police at 4:30 a.m. to report an intruder. She heard him but did not see him. An officer saw Brandon walking 100 yards from the Heard house. When approached, Brandon turned away, then took two billfolds from his pocket and threw them to the ground. The billfolds contained over $700, the amount reported missing by Mrs. Heard. She identified the wallets as hers. In addition, officers found a prescription bottle with Mrs. Heard's name on it in Brandon's pocket.

Brandon was taken to the police station and questioned. He told officers he "did it", but they would "have to prove it." There is no doubt they did prove it.

Affirmed.