L.T. TAPP *v.* STATE of Arkansas

CR 95-1351 920 S.W.2d 483

Supreme Court of Arkansas
Unpublished opinion delivered March 18, 1996
[Appellee's motion requesting publication of opinion granted
April 15, 1996.]

*Lance Garner,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

PER CURIAM. On April 26, 1994, judgment was entered in the Circuit Court of Garland County reflecting that L. T. Tapp had been convicted by a jury of rape and sentenced to twenty-eight years imprisonment. Mr. Tapp's attorney filed a timely notice of appeal of the judgment on April 28, 1994. On May 31, 1994, Tapp, acting pro se, filed a motion for new trial pursuant to Criminal Procedure Rule 37 alleging that he had not been afforded effective assistance of counsel by his trial attorney.[1] The trial court entered an

---

[1] Even if the appellant had filed the motion for new trial under Criminal Procedure

order on June 2, 1994, stating that the motion would be held in abeyance until after the appeal was completed because it did not have jurisdiction to consider a request for postconviction relief while the appeal was pending. In 1995, the court of appeals affirmed the judgment. *Tapp v. State*, CACR 94-744 (June 21, 1995).

After the appellate court's mandate was issued on July 11, 1995, the trial court appointed an attorney for Tapp and held an evidentiary hearing on the Rule 37 allegations. Postconviction relief was denied, and the record has been lodged here on appeal. The appellee State seeks to have the appeal dismissed, arguing that the trial court was without jurisdiction to consider the postconviction pleading on its merits.

 We find the State's argument is well founded and dismiss the appeal. Postconviction relief under Rule 37 cannot be had while an appeal is pending. *Brewer v. State*, 274 Ark. 38, 621 S.W.2d 698 (1981). Thus, the trial court was without authority to do more than dismiss the pro se motion for new trial under the rule once it determined that it was not timely filed. The rule does not allow for holding allegations in abeyance for future consideration when the court obtains jurisdiction.

 Rule 37.2(c) provides:

> If an appeal was taken of a judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty days (60) of the date the mandate was issued by the appellate court.

The petition must be filed *after* the mandate is issued because, when a case is directly appealed, the circuit court does not regain jurisdiction over the case until that event occurs. *Doyle v. State*, 319 Ark. 175, 890 S.W.2d 256 (1994); *Clements v. State*, 312 Ark. 528, 851 S.W.2d 422 (1993); *Morton v. State*, 208 Ark. 492, 187 S.W.2d 335 (1945). A court must have jurisdiction before it can do more with respect to a Rule 37 petition than examine it to see if it is timely. In *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989), we said:

---

Rule 36.22, which permits a motion for new trial to be filed within the time fixed to file a notice of appeal, i.e. thirty days, the motion here would have been untimely. It was not filed until thirty-five days after the judgment was entered.

. . . .a court always has the power and duty to examine the evidence and determine whether in fact it does have jurisdiction over the matter. (citations omitted) That being so, a [Rule 37] petition once tendered should be filed even though untimely so that the court may exercise the power and duty to determine whether jurisdiction exists. . . .*once it is determined that jurisdiction does not exist, the disposition of the case must be made on that basis.*

In accordance with *Maxwell,* once the trial court saw that the request for postconviction relief had been filed after the notice of appeal but before the mandate was issued, it was bound to do no more than declare it untimely. It was incumbent on appellant Tapp to raise his grounds for postconviction relief after the mandate was issued just as it is incumbent on a convicted defendant to determine when the judgment is entered before filing a notice of appeal.

Motion granted; appeal dismissed.