Johnny L. ZOLLICOFFER *v.* STATE of Arkansas

CA CR 96-218                                              934 S.W.2d 939

Court of Appeals of Arkansas
Division II
Opinion delivered December 4, 1996

*William M. Pearson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. On July 2, 1993, the appellant, Johnny L. Zollicoffer, pleaded guilty to the offense of criminal attempt to obtain a controlled substance by fraud. He was sentenced to six years in the Arkansas Department of Correction, with the last three years of the term suspended. On April 3, 1995, the prosecuting attorney filed a petition to revoke the suspended portion of appellant's sentence, alleging that he had violated its conditions by committing another criminal offense. After a hearing, the trial court revoked appellant's suspension, ordered that he serve ninety days in the Arkansas Department of Community Punishment, and suspended imposition of an additional term. On appeal, appellant contends that the trial court erred in revoking his suspension because he never received any written conditions and erred in admitting into evidence medical records and statements that appellant made to physicians and pharmacists. Because we find merit in appellant's first argument, we reverse the order of revocation and dismiss the case. Consequently, we need not address appellant's second point.

At the hearing on the State's petition, appellant moved to dismiss the revocation proceeding, arguing that there was no proof that appellant was ever given any written conditions of his suspended sentence. Therefore, he argued, the trial court was without authority to revoke his suspension. The trial court acknowledged that there was no evidence and nothing in the file to indicate that appellant received any written conditions. The State did not respond to the motion, seek to re-open its case, or proffer any evidence to show that appellant was so informed in writing. Never-

theless, the trial court denied the motion to dismiss.

■ We agree with appellant that the trial court erred. Arkansas Code Annotated § 5-4-303 (Repl. 1993) provides that, if the court suspends the imposition of sentence on a defendant or places him on probation, the defendant shall be given a written statement explicitly setting forth the conditions under which he is being released. In *Ross* v. *State*, 268 Ark. 189, 594 S.W.2d 852 (1980), the supreme court was faced with a similar set of facts. There, the court held as follows:

> [A]ll conditions for a suspended sentence, including any requirement of good behavior, must be in writing if the suspended sentence is to be revokable. Therefore, courts have no power to imply and subsequently revoke [for violation of] conditions which were not expressly communicated in writing to a defendant as a condition of his suspended sentence.

268 Ark. at 191, 594 S.W.2d at 853; *see Neely* v. *State*, 7 Ark. App. 238, 647 S.W.2d 473 (1983).

Reversed and dismissed.

GRIFFEN and ROBBINS, JJ., agree.