Melvin Kent SHOEMATE *v.* STATE of Arkansas

CR 97-1209                                                    965 S.W.2d 779

Supreme Court of Arkansas
Opinion delivered March 26, 1998

*James Steven Dunham,* for appellant.

No response.

PER CURIAM. On October 9, 1997, appellant, Melvin Kent Shoemate, by his attorney, James Steven Dunham, submitted a motion to file a belated appeal from his rape conviction. Shoemate contends that his trial counsel, L. Gray Dellinger, failed to timely file, within thirty days of the entry of judgment, a notice of appeal from Shoemate's conviction. In the absence of an affidavit

from Mr. Dellinger admitting negligence, we remanded the matter to the trial court for the purpose of settling the record and determining if the appellant had requested that Dellinger file a notice of appeal. On March 5, 1998, the supreme court clerk received a supplemental record on remand, and on March 12, 1998, Shoemate resubmitted his motion for a belated appeal.

After reviewing the evidence, the trial court concluded, in its order settling the record, that Shoemate did not request Dellinger to file a notice of appeal. Specifically, the trial court noted that Shoemate's and Dellinger's testimony indicated that they did not have the immediate opportunity to discuss the matter of filing an appeal because it was late in the evening following the jury's verdict and court's sentencing, and Shoemate was transported to jail and, then, to the Department of Correction within a week after his sentencing. Subsequently, Dellinger met with Mr. Larry Kissee, another attorney, and with Shoemate's wife, and Shoemate's mother to discuss the possibility of Mr. Kissee's pursuing an appeal. Following that discussion, no decision was reached regarding an appeal.

During a telephone conference on May 19, 1997, Dellinger, Kissee, and the appellant discussed the potential consequences of an appeal, including the possibility of a successful appeal, which could result in a new trial, a conviction, and a possible punishment of forty years to life in prison. Mr. Kissee testified that Shoemate did not want to take the chance of being sentenced to life in prison and that he had no doubt that Shoemate did not want to appeal.

Although Shoemate disputed the testimony regarding his desire to file an appeal, the trial court found Kissee's and Dellinger's testimony regarding the telephone conference more credible. Additionally, the trial court acknowledged that, following the telephone conference, Shoemate failed to contact Dellinger by phone or letter prior to the appeal deadline. In light of the trial court's findings of fact, particularly that the appellant failed to request that his attorney file a notice of appeal on his behalf, we deny the appellant's motion for a belated appeal.