# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3705

_____

Melvin Shoemate,                          *
                                          *
        Petitioner-Appellant,     *
                                          *    Appeal from the United States
      v.                             *    District Court for the
                                          *    Eastern District of Arkansas.
Larry Norris, Director, Arkansas          *
Department of Correction,                 *
                                          *
        Respondent-Appellee.      *

_____

Submitted: September 14, 2004
Filed: November 15, 2004

_____

Before RILEY, LAY, and MELLOY, Circuit Judges.

_____

LAY, Circuit Judge.

An entry of judgment convicting Melvin Shoemate of rape was filed in Arkansas state court on May 8, 1997. After the entry of judgment, Shoemate had thirty days in which to file a notice of direct appeal under Arkansas law. Ark. R. App. P. Crim. 2(a). Shoemate's wife filed a notice of appeal on his behalf within thirty days of the judgment. However, the Arkansas Supreme Court returned the notice of appeal on July 8, 1997, because it was not filed by Shoemate or a licensed attorney. Thereafter, Shoemate could file a motion for belated appeal within eighteen months of the entry of judgment. Ark. R. App. Crim. P. 2(e). He could also file a petition for post-conviction relief within ninety days of the entry of judgment.

Ark. R. Crim. P. 37. Shoemate filed a motion for belated appeal alleging ineffective assistance of counsel. After finding that Shoemate never requested that his attorney file a notice of appeal, the Arkansas Supreme Court denied his motion for belated appeal on March 26, 1998. *Shoemate v. State*, 965 S.W.2d 779 (Ark. 1998). Shoemate then attempted to file a Rule 37 petition for post-conviction relief under the Arkansas Rules of Criminal Procedure.[1] The Arkansas courts found that Shoemate's petition for post-conviction relief was not timely since the motion for belated appeal did not constitute a direct appeal within the meaning of Rule 37. *Shoemate v. State*, 5 S.W.3d 446 (Ark. 1999). Shoemate was thus required to file his petition for post-conviction relief within ninety days of the entry of judgment. *Id.* at 447-48.

On November 28, 2000, Shoemate filed his federal habeas petition in district court. The district court[2] found that Shoemate's Rule 37 petition was not timely filed in the Arkansas courts under § 2244(d)(2) of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2244(d), and counted the time in which

---

[1]Rule 37.2(c) provides in relevant part:

> If . . . the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of entry of judgment . . . .

> If an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate was issued by the appellate court. In the event an appeal was dismissed, the petition must be filed in the appropriate circuit court within sixty (60) days of the date the appeal was dismissed . . . .

[2]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the Proposed Findings and Recommended Disposition of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

his Rule 37 petition was pending toward the one-year limitations period under the AEDPA. The untimeliness of Shoemate's Rule 37 petition in the Arkansas courts thus led to the denial of his habeas petition in federal court. Shoemate argued that the district court should equitably toll the period in which his Rule 37 petition was pending. The district court denied his petition and issued a certificate of appealability on the issue of equitable tolling.

Although the AEDPA imposes a one-year statute of limitations on habeas petitions, it is a true statute of limitations rather than a jurisdictional bar.[3] The statute is thus subject to equitable tolling in appropriate circumstances. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863 (2001). Equitable tolling is appropriate when (1) extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or (2) when conduct of the defendant has lulled the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). Because the doctrine is reserved for extraordinary circumstances, it gives the plaintiff an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

---

[3]The one-year limitations period of the AEDPA begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The magistrate judge and the district court assumed without deciding that the five-month period from the entry of judgment on May 8, 1997, to the time when Shoemate filed his motion for belated appeal on October 9, 1997, would be tolled for purposes of the AEDPA. Because it is unnecessary to pass on this issue in this case, we will assume the same without deciding the matter. *See Wright v. Norris*, 299 F.3d 926, 929 & n.3 (8th Cir. 2002) (assuming without deciding that Arkansas post-conviction proceedings remain pending during the time that the Arkansas Supreme Court will hear a motion for belated appeal).

Shoemate argues that the time between March 26, 1998, when he filed his Rule 37 petition, and December 2, 1999, when his Rule 37 petition was denied as untimely, should be equitably tolled to bring his habeas petition within the one-year limitations period. He argues that he was "lulled into inaction" by Arkansas Supreme Court decisions which prohibited the filing of a Rule 37 petition and a motion for belated appeal at the same time. Shoemate contends that under Arkansas law, if a defendant wishes to assert that his attorney is ineffective for failure to file a notice of appeal, the proper method to seek relief is through a motion for belated appeal within eighteen months. *Robbins v. State*, 705 S.W.2d 6, 7 (Ark. 1986); *Lomax v. State*, 688 S.W.2d 283, 285 (Ark. 1985). A Rule 37 petition cannot be a substitute for a timely motion for belated appeal. *Robbins,* 705 S.W.2d at 8. Shoemate argues that the Arkansas Supreme Court's decisions require that the remedies be pursued separately, and has "repeatedly held that [Rule 37] post-conviction relief . . . is not available while an appeal is pending." *Brewer v. State*, 621 S.W.2d 698, 699 (Ark. 1981); *L.T. Tapp v. State*, 920 S.W.2d 482, 483 (Ark. 1996). According to Shoemate, the Arkansas Supreme Court required that he first pursue a claim for ineffective assistance of counsel via a motion for belated appeal. Only after his motion for belated appeal was concluded could he seek Rule 37 post-conviction relief. Because he followed the path charted by the Arkansas Supreme Court, Shoemate argues that he was "lulled into inaction" by its decisions. The time in which his Rule 37 petition was pending should thus be equitably tolled to fall within the one-year statute of limitations of the AEDPA.

We find that equitable tolling is not warranted and we deny Petitioner's argument for the same reasons as set forth by the district court. Shoemate's failure to file his habeas petition within the one-year limitations period was due to his misunderstanding of the proper procedures for filing a Rule 37 petition under Arkansas law. The delay was not an extraordinary circumstance, nor was it due to affirmative conduct on the part of the state. In making his recommendations to the district court supporting the dismissal of the habeas petition, the magistrate judge

found that "pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *See e.g., Kreutzer*, 231 F.3d at 463 (holding that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); *Jihad*, 267 F.3d at 805-07 (finding that an unsuccessful search for counsel could not warrant equitable tolling); *Graves*, 299 F.3d at 976-77 (finding that a claim of actual innocence could not justify equitable tolling). We hold that Petitioner's misunderstanding of the Arkansas rules, statutes, and the time period set forth therein do not justify equitable tolling.

The judgment of the district court is AFFIRMED.

_____