STATE of Missouri, Respondent,

v.

Bobby Ray SPEEDY, Appellant.

No. 36101.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Aug. 17, 1976.

Motions for Rehearing and for Transfer to Supreme Court Denied Sept. 30, 1976.

Application to Transfer Denied
Dec. 13, 1976.

**254**

William J. Shaw, Public Defender, Howard Schainker, Dennis Smith, Asst. Public Defenders, Clayton, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Shelia Hyatt, Asst. Attys. Gen., Jefferson City, Gene McNary, Pros. Atty., Courtney Goodman, Jr., Thomas E. Dittmeier, Asst. Pros. Attys., Clayton, for respondent.

ALDEN A. STOCKARD, Special Judge.

Bobby Ray Speedy, charged by indictment in two counts, was found guilty by a jury of the first degree murder of James Gordon Meek for which he was sentenced to life imprisonment, and the second degree murder of Clark Milo Brown for which he was sentenced to imprisonment for a term of thirty years, the sentences to be served concurrently. He has appealed from the ensuing judgment. We affirm.

Appellant does not challenge the sufficiency of the evidence. We need only state that on March 10, 1973, while James Gordon Meek was entertaining friends in his apartment, one of whom was appellant's divorced former wife, appellant entered with a shotgun and shot and killed Meek and also Clark Milo Brown, one of the guests.

Appellant first asserts that "the trial court erred and its decision must be reversed because the State failed to prove that venue was proper in St. Louis County."

■ Absent a waiver, venue must "be proved because the accused, under the Sixth Amendment to the Constitution, is guaranteed the right to a public trial by an impartial jury in the state and district wherein the crime shall have been committed." *Dean v. United States*, 246 F.2d 335, 338 (8th Cir. 1957), and *State v. Garrett*, 416 S.W.2d 116 (Mo.1967). See also § 541.033 RSMo 1969. But, as held in numerous cases, including *Eichelberger v. State*, 524 S.W.2d 890 (Mo.App.1975), venue is not an integral part of a criminal offense and need not be proved beyond a reasonable doubt or by direct evidence, but it may be inferred from all the evidence.

■ Appellant does not assert that the alleged offenses occurred in any place other than St. Louis County, and there is sufficient evidence from which it may be inferred that the offenses were there committed. In *State v. Valentine*, 506 S.W.2d 406, 410 (Mo.1974), the court recognized that evidence supporting an inference of the place of the commission of a crime was the fact that "Seven police officers who were engaged in one or more phases of the investigation of the shooting * * * identified themselves as officers of the police department of the city of St. Louis." In this case three police officers who investigated the shootings identified themselves as officers of the St. Louis County Police Department. Another witness, who made various tests pertaining to the shootings, identified himself as the person in charge of the St. Louis County police laboratories, and the doctor who performed the autopsies was the pathologist for St. Louis County. There was no police officer participating in the investigation that was not with the St. Louis County Police Department. Also, when Mrs. Speedy called the Creve Coeur police after the shootings she was told to call the St. Louis County police. Shortly before the shootings appellant was with Karen Jackson at the Marriott Hotel, a well-known landmark near Lambert St. Louis Airport and in St. Louis County. He then had a shotgun and he told her that he was going to Gordon Meek's apartment. From these facts and circumstances the jury reasonably could find, which it did, that appellant killed Meek and Brown in the County of St. Louis.

Assuming the above conclusion could be subject to question, appellant waived the issue of venue. The indictment alleged that the offenses of which appellant was charged occurred in St. Louis County, and he went to trial in that county without objection and with no challenge to the venue. It has long been established that an accused's right as to the place of a trial arising under statutory or constitutional provisions is a personal privilege which may be waived. 21 Am.Jur.2d Criminal Law § 401; Annotation, 137 A.L.R. 686. Under the factual circumstances of this case appellant waived the issue of venue. *State v. Page*, 186 S.W.2d 503 (Mo.App.1945); *Harper v. United States*, 383 F.2d 795 (5th Cir. 1967).

Appellant next challenges Instruction No. 1 on the ground that "it required an affirmative finding by the jury that the appellant was guilty of murder in the first degree on both counts as a condition precedent to consideration of whether appellant was not guilty by reason of mental disease or defect as to either count." This case was tried before the mandatory use of MAI–Cr. The language of Instruction No. 1 material to this issue was that if the jury found that appellant "did make an assault upon one James Gordon Meek as mentioned in Count I of the Indictment, and upon one Clark Milo Brown as mentioned in Count II of the Indictment, with a loaded gun, as mentioned in the evidence, and did then and there discharge and shoot said gun at and upon the body of James Gordon Meek and Clark Milo Brown, thereby inflicting a mortal wound upon James Gordon Meek and Clark Milo Brown, from which mortal wound James Gordon Meek and Clark Milo Brown died on March 10, 1973, * * * it would then be your duty to determine whether or not at the time of such conduct the defendant was 'not guilty by reason of mental disease or defect excluding responsibility,' under instructions of law which will not [now?] be given to you."

Appellant argues that the instruction requires that prior to reaching the question of whether appellant was not guilty by reason of mental disease or defect, it requires that the jury find the appellant committed murder in the first degree in connection with both counts, but since the jury did not find appellant guilty of first degree murder as to Count II, it never considered the question of whether appellant was not guilty by reason of mental disease or defect as they were bound to do under the law.

The instruction did not require a finding of murder in the first degree as to both homicides or as to either. It required a finding of "an assault * * * as mentioned in Count [I or II] of the indictment." We note that these references to the indictment had no place in the instruction. An indictment is not shown to the jury, or at least there is no occasion for it to be shown, and the jury would not know what language was there set forth. The reference to the indictment was surplusage and of no meaning to the jury. Therefore, the only message to the jury, and what any reasonable member of a jury would understand, was that if the jury found that appellant made an assault on Meek and on Brown and inflicted a mortal wound on each, it would then consider the defense of mental disease or defect. This did not require a finding that the assault constituted murder in the first degree, but only that an assault was committed which resulted in a homicide.

Appellant also challenges the conjunctive submission. The use of the word "and" in this situation was improper. But, in view of the verdict of the jury the error was not prejudicial. The instruction, when read alone, did submit that before the issue of mental disease or defect be considered the jury should find that appellant committed an assault on Meek and also on Brown which in each case resulted in a mortal wound. But, the jury found that both assaults were inflicted, and the instruction plainly told the jury that in such event "it would then be [the jury's] duty to determine whether or not at the time of such conduct" appellant was not guilty by reason of mental disease or defect excluding responsibility. The error in the instruction was cured by the verdict and therefore was

harmless. For a somewhat similar case, see *State v. Niblack*, 256 S.W. 769 (Mo.1924).

 Instruction No. 1 was introductory in nature. Each verdict-directing instruction on murder in the first degree, murder in the second degree, and manslaughter was submitted individually with respect to each victim, and each was qualified by the phrase, "unless you find and believe from the preponderance or the greater weight of the evidence that the defendant is not guilty by reason of a mental disease or defect excluding responsibility as submitted in Instruction No. 1." When these instructions are read together the jury was not precluded from considering the defense of mental disease as to each victim and as to each degree of homicide submitted.

Appellant next asserts error resulted because the trial court failed to instruct the jury as required by § 552.030(6) RSMo 1969.

Appellant entered a plea of not guilty by reason of mental disease or defect as authorized by § 552.030. Par. 6 of said section provides that "No statement made by the accused in the course of any [psychiatric] examination and no information received by any physician or other person in the course thereof, * * * shall be admitted in evidence against the accused on the issue of whether he committed the act charged against him in any criminal proceeding then or thereafter pending in any court, state or federal. The statement or information shall be admissible in evidence for or against him only on the issue of his mental condition, * * *. If the statement or information is admitted for or against the accused on the issue of his mental condition, *the court shall both orally at the time of its admission and later by instruction inform the jury that it must not consider such statement or information as any evidence of whether the accused committed the act charged against him.*" (Emphasis added.)

The State did not present any evidence from a psychiatrist in its case in chief. Appellant presented evidence from two psychiatrists, and then the State, in rebuttal, presented evidence from one psychiatrist. Appellant made no request for and the trial court did not give the oral instructions provided for by § 552.030(6), but as stated in appellant's brief, "the proper instruction was * * * given * * * at the close of all the evidence." The first mention by appellant that the court should have given the oral instructions was in the motion for new trial.

 When an accused enters a plea of not guilty by reason of mental disease or defect he waives his privilege under § 491.-060 RSMo 1969 to exclude testimony of doctors who have examined him for that purpose, and he also waives his privilege against self-incrimination in some respects. *State v. Swinburne*, 324 S.W.2d 746 (Mo. banc 1959). However § 552.030(6) purports to remove a compelling reason for an accused to be reluctant to enter such a plea by providing that the jury be instructed that it is not to consider statements by the accused to the doctor or information obtained in the course of a psychiatric examination as evidence of whether the accused committed the acts charged against him. It thus is clear that the protection of § 552.030(6) is personal to the accused, and may be waived by him. There is nothing in that section which indicates that the failure to give the oral instruction prior to the testimony of an examining psychiatrist is prejudicial error per se. The proper test is whether the failure was in fact prejudicial, and under the circumstances of this case we conclude that appellant could not have been prejudiced. First, the "proper instruction" was given to the jury orally and in writing at the end of the case and before the jury started its deliberations. We cannot assume that this instruction was ignored by the jury or that the jury was composed of persons who could not receive the intended message unless instructed on the subject more than once. Second, the purpose of the statutory requirement that the jury be orally instructed as provided for in § 552.030(6) is to protect the accused from a finding by the jury that he "committed the act charged against him" by reason of statements made by him to the psychiatrist or information obtained during an examina-

tion. But there was, in fact, no issue as to whether appellant "committed the act[s] charged against him." In his brief he admits that he did not "contest the fact that a shooting occurred," and in the voir dire examination and in oral agreement to the jury he stated, in effect, that he did not contest the issue whether he shot and killed the two persons. But, he argues, an admission that he committed the homicides was not an admission that he was guilty of murder in the first degree because he did not admit the necessary intent. We note, however, that in appellant's point on argument he does not set forth or refer to any statement made by him and related to the jury by an examining psychiatrist which he contends constituted evidence that he was guilty of intent, deliberation or malice in the commission of the homicides. As a precaution, we have read the testimony of the psychiatrists, and we find no direct reference to statements by appellant which could be construed to show deliberation or malice. The nearest reference perhaps is that of Dr. Shuman, called by the State, who did not testify on direct examination to any statements by appellant indicating deliberation or malice, but on cross-examination testified that appellant said he "didn't give a damn." Basically, the testimony of all the psychiatrists was directed to the issue of whether at the time of the offenses appellant had a mental disease or defect.

In view of appellant's failure to request the oral instructions or object to the failure of the court to orally instruct the jury prior to the testimony of each psychiatrist; the fact that at the end of the case the "proper instruction" was given; that there was no issue as to whether he committed the homicides; and that appellant does not point to any testimony of any psychiatrist which contained statements by him or information obtained directly tending to show that he committed murder, we conclude that the failure of the trial court to give the oral instructions called for by § 552.030(6) was not prejudicial, and that a reversal of the judgment for that reason is not called for or required.

The final point of appellant is that his conviction "was unconstitutional in that he was deprived of due process of law" because he was "unable to assist in his own defense." This assertion in the point does not prove itself, and the point is inadequate to present an issue for appellate review. But we shall attempt to determine the real complaint rather than overrule the point because of counsel's inadequate presentation.

Appellant argues that the conviction of a person "while he is legally incompetent violates due process of law," and he cites *Bishop v. United States*, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), and § 552.020 RSMo 1969. He then contends that "when there is some evidence which would cause the court to have a bona fide doubt" that an accused could waive a hearing as to his competency, the court must order a hearing *sua sponte*, citing *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). It thus appears that appellant's contention is that the trial court should have, *sua sponte*, conducted a hearing on the issue of his competency to stand trial.

The record discloses that on June 25, 1973, appellant withdrew his previously entered plea of not guilty and entered pleas of not guilty by reason of mental disease or defect excluding responsibility, and a psychiatric examination was requested. This request was sustained and the court appointed Dr. John F. Bergman to conduct an examination and report his findings as provided in § 552.020. This report is shown to have been filed. Within five days thereafter and on July 5, 1973, the State requested, pursuant to § 552.020(4), the court to order a psychiatric examination of appellant by Dr. Joseph S. Shuman. The record does not affirmatively show that a report by this doctor was filed as contemplated by § 552.-030(3), but Dr. Shuman testified for the State in rebuttal, and in that testimony he referred to the report he had made. Neither the report of Dr. Bergman nor Dr. Shuman is in the record before us. Neither report was contested by appellant. Although represented by competent and expe-

rienced counsel, he made no request to the court for a hearing on the issue of his competency to stand trial. It was not mandatory under § 552.020 for the trial court to hold a hearing on that issue unless it had reason to believe it necessary to do so. *Jones v. State*, 505 S.W.2d 96 (Mo.App. 1974).

█ The order of the court setting the case for trial, entered after the report of Dr. Bergman was received and presumably after the report of Dr. Shuman was received, was that appellant was fit to proceed to trial. *Jones v. State*, supra; *Miller v. State*, 498 S.W.2d 79 (Mo.App.1973). The fact that appellant had some mental problems does not establish incompetency to stand trial. Appellant points to nothing which should have caused the trial court to have reason to believe that a hearing on appellant's competency to stand trial should be held, and our review of the record discloses nothing. We find no basis for appellant's contention that the trial court should have acted in this respect *sua sponte.*

The judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.