**Bobby Ray SPEEDY, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39192.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 29, 1978.

Motion for Rehearing and/or Transfer Denied Oct. 13, 1978.

Application to Transfer Denied Nov. 6, 1978.

David A. Horwitz, Asst. Public Defender, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, for respondent.

McMILLIAN, Judge.

Appellant, Bobby Ray Speedy, appeals from the order of the trial court denying his 27.26 motion for post conviction relief, Rule 27.26, V.A.M.R.1969. He claims that the trial court erred: (1) by failing to make findings of fact and conclusions of law when it dismissed appellant's motion, as required by 27.26(i), (2) in dismissing appellant's motion without giving reasonable notice and an opportunity to be heard, and (3) in failing to appoint counsel to assist the defendant in preparing his post conviction motion. We reverse and remand for appointment of counsel and direct the trial judge to state his findings of fact and conclusions of law, as required by Rule 27.26(i).

Appellant was convicted of one count of first degree murder and one count of second degree murder on November 8, 1973. On March 14, 1974 he was sentenced to concurrent terms of life imprisonment on the former count and 30 years on the latter. His conviction was affirmed on appeal to this court. *State v. Speedy,* 543 S.W.2d 251 (Mo.App.1976). Appellant filed the present Rule 27.26 motion to vacate his judgment and sentence. In response thereto the trial judge issued the following order on April 13, 1977: "The Court hereby dismisses cause for failure to state cause of action."

To ensure that the appellate court has a sufficient record before it Rule 27.-26(i) requires that the hearing court make

findings of fact and conclusions of law on all issues presented. *Larson v. State,* 437 S.W.2d 67, 69 (Mo.1969). The brief recital by the trial court that appellant's motion failed to state a cause of action does not provide any indication as to what points raised by appellant were deficient or why they were deficient. While appellate courts have been lenient with the requirement in 27.26(i) when the basis for the trial court's holding is apparent from the record, *Smith v. State,* 513 S.W.2d 407 (Mo. banc 1974) *cert. den.* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841, the record presently before us does not provide this assistance. After appointment of counsel the trial court should take care to set out its findings of fact and conclusions of law as required in Rule 27.-26(i).

■ The second point raised by the defendant, that he was entitled to notice and hearing before his post conviction motion was dismissed, is without merit. Rule 27.26 does not provide for such procedures and the case relied upon by appellant, *Wheatley v. State,* 559 S.W.2d 526 (Mo. banc 1977), is readily distinguishable from the present case. In *Wheatley,* the Missouri Supreme Court held that a 27.26 movant's counsel must be given notice and opportunity to be heard before dismissing the movant's pro se petition. *Wheatley* does not require notice and hearing before *all* 27.26 petitions are dismissed—just those where counsel has been appointed. This is for two reasons: (1) because of the structure of Rule 27.26, "[o]nce counsel has been appointed, counsel and movant were entitled to assume petitioner's pro se motion had survived the initial hurdle of stating a claim upon which relief could be granted," *supra,* at 527, and (2) an attorney representing a 27.26 movant is entitled to the same courtesy of notice before dismissal as is the counsel of any other litigant. *Id.* Because neither of these reasons applies to the situation where no counsel is appointed, it is obvious that *Wheatley* is limited to its facts, and does

not require notice and an opportunity for a hearing in the present case.

■ The last point raised by appellant that he should have been accorded counsel to assist in the preparation of his motion, is meritorious and therefore, we reverse and remand on this basis. Rule 27.26(h) states that "[i]f a motion presents questions of law or issues of fact, the court shall appoint counsel." In his 27.26 motion the appellant alleged ineffective assistance of counsel, listing, e. g., the following grounds: (1) his counsel failed to request a competency hearing, (2) his counsel failed to request oral instructions to the jury that the testimony of the psychiatrists (testimony was introduced on the issue of defense because of mental incompetence) not be considered as to whether the accused committed the act charged against him,[1] and (3) counsel failed to object to the testimony of Dr. Schuman on the grounds that the state did not file the report written by Dr. Schuman, as required by § 552.030(4).

In the direct appeal of defendant's conviction, 543 S.W.2d 251, *supra,* this court considered the above omissions by counsel in reaching its conclusion that no prejudice resulted to the defendant from the errors alleged on appeal. One issue we confronted was whether a competency hearing should have been ordered sua sponte. We held that no such hearing was necessary, relying, e. g., on the fact that counsel did not request a hearing and, on the fact that counsel did not challenge either of the psychiatrists' reports, including Dr. Schuman's.

Another issue we addressed was whether the trial court's failure to orally instruct the jury as to the proper weight to be given to the psychiatrists' testimony was reversible error. We held that the error was not prejudicial, relying in part on the fact that counsel had not requested such instruction. The above decision affirming defendant's conviction, 543 S.W.2d 251, *supra,* shows that counsel in fact failed to do the things movant alleges in his 27.26 motion and that

1. Section 552.030(6), RSMo, V.A.M.S. (Supp.1978) provides that such instructions must be given.

these omissions by counsel were relevant to the outcome of the case (at the very least, these omissions were relevant in the appeal). The question remaining, which must be determined in this motion, is whether these omissions by counsel were based upon reasonable tactical considerations or were the result of inadequate representation by counsel. This is a question of law which requires appointment of counsel under 27.-26(h).

It is important to note that while we considered the above omissions by counsel in dealing with the issues presented on appeal, we did not pass upon the issue of ineffective assistance of counsel raised in movant's 27.26 motion. The omissions by counsel were only considered in resolving other issues raised by the defendant and not in the context of a claim of ineffective assistance of counsel.

For the foregoing reasons, we reverse and remand for appointment of counsel and direct the trial court to make findings of fact and conclusions of law.

Judgment reversed and remanded with directions.

CLEMENS, P. J., and SMITH, J., concur.

