**Bobby Ray SPEEDY, Movant-Appellant,**

v.

**STATE of Missouri,
Respondent.**

**No. 42254.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 2, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1981.

Application to Transfer Denied March 9, 1981.

Thea A. Sherry, Asst. Public Defender, Clayton, for movant-appellant.

John Ashcroft, Atty. Gen., Edward F. Downey, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

This is an appeal from a judgment of the trial court denying appellant's Rule 27.26 motion. The motion was originally filed and dismissed by the trial court for failure to state a cause of action. On the initial appeal of the motion[1] the trial court's judgment of dismissal was reversed and the cause remanded with directions to appoint counsel for the appellant and to set out findings of fact and conclusions of law as required by Rule 27.26(i). Upon remand, the trial court, after consideration of the trial record, the appellate decision in the direct appeal,[2] and the decision on appeal from the dismissal of the original Rule 27.26 motion, entered its findings of fact and conclusions of law and denied the Rule 27.-26 motion without a hearing.

On this appeal movant contends that the trial court erred in not holding an evidentiary hearing because movant's petition stated grounds which would entitle him to relief. He claims he was denied effective

1. *Speedy v. State*, 571 S.W.2d 747 (Mo.App. 1978).

2. *State v. Speedy*, 543 S.W.2d 251 (Mo.App. 1976). Appellant Bobby Ray Speedy who

pleaded not guilty by reason of mental defect or disease, was convicted on one count of first degree murder and one count of second degree murder on November 8, 1973.

assistance of counsel at his trial because: (a) his trial counsel failed to request a competency hearing; (b) his trial counsel failed to request oral instructions to the jury that the testimony of the psychiatrist not be considered in determining whether defendant committed the act charged against him; and, (c) his trial counsel failed to object to the testimony of Dr. Joseph Shuman on the grounds that the state did not file the report written by Dr. Shuman as mandated by § 552.030.4, RSMo 1969.

Appellate review of the trial court's decision is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j). *Bradley v. State*, 564 S.W.2d 940, 942[3–7] (Mo.App.1978). The burden is on the appellant to show that the judgment of the trial court was clearly erroneous. *Hurse v. State*, 527 S.W.2d 34, 35[1–3] (Mo.App. 1975). Rule 27.26(f).

Movant's contention that he was denied his right to effective assistance of counsel because his counsel failed to request a competency hearing is ruled against him.

Movant fails to tell this court how he was prejudiced by the failure of his counsel to request a competency hearing. The trial judge found that movant's mental condition was fully presented at the trial, that the issue of movant's competency was raised before trial, and that neither his counsel nor the court had any evidence that he was unable to cooperate in his own defense. The trial court further characterized this claim of movant as a mere conclusion unsupported by the record. In the direct appeal from the conviction this court stated that its review of the record disclosed nothing which should have given the trial court reason to believe that a competency hearing should be held. *State v. Speedy*, 543 S.W.2d 251, 258[16] (Mo.App. 1976). This court does not have the benefit of the entire record in the present appeal, but movant has not brought to the court's attention any prejudice to movant which resulted from counsel's failure to request a competency hearing. Movant has not sustained his burden of showing the judgment of the trial court was clearly erroneous. *Hurse v. State, supra*.

Next movant complains that he was denied effective assistance of counsel because his trial counsel failed to request an oral instruction to the jury that the testimony of Dr. Joseph Shuman should not be considered in deciding whether movant committed the act with which he was charged. § 552.030.6, RSMo 1969. This claim of error is also denied.

Again, movant does not specify how he was prejudiced by his counsel's failure to request the oral instruction. On direct appeal, this court held that, in fact, movant was not prejudiced by the failure to give the oral instruction prior to the testimony of the psychiatrist. *State v. Speedy, supra*, 256[9–13]. If movant was not prejudiced by a failure to give the oral instruction, he cannot be prejudiced by his counsel's failure to request it. Moreover because there was no fact issue as to whether he shot and killed the two victims, the failure to give the instruction could not have prejudiced the jury against appellant. The court of appeals emphasized the fact that the proper instruction was given to the jury at the end of the case. *Id.* The court also, after analyzing the testimony of the psychiatrist, found that none of it constituted evidence that movant had the necessary intent to commit murder in the first degree. *State v. Speedy, supra*, 275[9–13].

The trial court's conclusion of law was: "Since the evidence conclusively showed the culpability of defendant, there was no occasion to orally advise the jury that the statements made by doctors could not be considered as evidence whether the defendant committed the acts charged." Movant has not met his burden of proof that the trial court's conclusion was clearly erroneous. *Hurse v. State, supra*.

Movant's third point is based on his trial counsel's failure to object to the testimony of Dr. Joseph Shuman, one of the prosecution's psychiatrists, on the ground that the state did not file Dr. Shuman's report as required by § 552.030.4, RSMo 1969. Movant does not assert that the failure to file the report resulted in any prejudice to him. The trial court found that movant did not

allege his counsel was not provided with a copy of Dr. Shuman's report. If movant's counsel had a copy of the report, it is difficult to imagine any prejudice which could have resulted against him by a failure to object to the testimony based on a failure to file the report. Movant first asserted that the failure of the prosecution to file the report resulted in surprise to the defense and deprived him of an opportunity to prepare a defense against the report. Now he argues merely that his trial counsel failed to object to Dr. Shuman's testimony without in any way saying how it would have prejudiced him. This point is also ruled against movant.

The trial court did not err in denying movant's Rule 27.26 motion and its judgment is therefore affirmed.

CRIST, P. J., and REINHARD, J., concur.

