Bobby Ray SPEEDY, Appellant,

v.

Donald W. WYRICK, Warden, Missouri State Penitentiary; John Ashcroft, Attorney General, Appellees.

No. 82–1746.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1982.

Decided March 23, 1983.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Brian S. Riepen, St. Louis, Mo., for appellant.

Before ROSS and FAGG, Circuit Judges, and WATERS, District Judge.*

ROSS, Circuit Judge.

In 1973 petitioner-appellant, Bobby Ray Speedy, was convicted by a jury in Missouri state court of first and second degree murder in connection with the shooting deaths of his ex-wife's boyfriend and another man on March 10, 1973. Speedy raised the insanity defense and was examined prior to trial by three psychiatrists, Dr. Bergmann, Dr. Blackman, and Dr. Shuman. Although the examinations were conducted and written reports were prepared several months prior to Speedy's trial, Dr. Bergmann and Dr. Blackman also examined Speedy just prior to trial and testified on behalf of Speedy at trial. Dr. Shuman testified for the state. In their written reports Dr. Blackman and Dr. Shuman indicated that Speedy was competent to stand trial, but Dr. Bergmann did not address Speedy's competency to stand trial. Dr. Blackman gave testimony at trial which was not conclusive but may have indicated that he no longer considered Speedy competent to stand trial. At no time did defense counsel request that the trial court hold an evidentiary hearing concerning Speedy's competence, and the trial court did not *sua sponte* order a competency hearing.

On appeal of his convictions in state court Speedy argued, *inter alia,* that the trial court should have *sua sponte* conducted a hearing on the issue of his competence to stand trial because there was evidence creating a bona fide doubt as to his mental competence. *State v. Speedy,* 543 S.W.2d 251, 257 (Mo.Ct.App.1976). Without actually considering the psychiatrists' reports concerning Speedy's mental competence, the court rejected this argument, noting that Speedy's trial counsel had not requested a hearing on the competency issue. *Id.* at 257–58. Subsequently, in a Missouri Rule 27.26 postconviction proceeding Speedy argued that the failure of his counsel to request a competency hearing constituted ineffective assistance of counsel. *Speedy v. State,* 611 S.W.2d 253 (Mo.Ct.App.1981). Without holding an evidentiary hearing on the issue, the trial court rejected Speedy's claim. *Id.* at 253, 255. The trial court's postconviction decision was affirmed by the Missouri Court of Appeals, without review of the entire record. *Id.* at 254.

On September 9, 1981, the petitioner filed a *pro se* petition for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254 generally alleging, *inter alia,* that he was not afforded a full and fair hearing at the state trial or postconviction proceedings, that his due process rights were violated when the trial court failed to hold *sua sponte* a hearing on his competence to stand trial, and that he was denied effective assistance of counsel when his counsel failed

---

* The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

to request a competency hearing despite substantial evidence relating to his mental incompetence at the time of the trial. On January 5, 1982, the district court [1] referred the petition to a magistrate [2] for review and recommendation. On the basis of the magistrate's report and recommendation but without an evidentiary hearing the district court denied petitioner's writ of habeas corpus on March 9, 1982. *Speedy v. Wyrick,* No. 81–1098–C(5) (E.D.Mo. Mar. 9, 1982) (order). On June 21, 1982, the district court granted leave to appeal to this court pursuant to 28 U.S.C. § 2253 (1976).

On appeal petitioner again raises these issues relating to his competence to stand trial and contends the district court erred in denying his petition for a writ of habeas corpus. We hold that the district court erred in denying petitioner's writ of habeas corpus without an evidentiary hearing, and apparently without full consideration of relevant facts in the record.

■ In order to be competent to stand trial one must have "the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri,* 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975). Defendant must have "a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and * * * [have] a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 403, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960).

This court has recently stated the test for determining whether a trial court should *sua sponte* order a competency hearing:

Under the rule of *Pate v. Robinson* [383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) ], * * * a due process evidentiary hearing is constitutionally compelled at any time that there is "substantial evidence" that the defendant may be mentally incompetent to stand trial. "Substantial evidence" is a term of art. "Evidence" encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court. Evidence is "substantial" if it raises a reasonable doubt about the defendant's competency to stand trial. Once there is such evidence from any source, there is a doubt that cannot be dispelled by resort to conflicting evidence. The function of the trial court in applying *Pate's* substantial evidence test is not to determine the ultimate issue: Is the defendant competent to stand trial? Its sole function is to decide whether there is any evidence which, assuming its truth, raises a reasonable doubt about the defendant's competency. At any time that such evidence appears, the trial court *sua sponte* must order an evidentiary hearing on the competency issue.

*Lindhorst v. United States,* 658 F.2d 598, 607 (8th Cir.1981), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1024, 71 L.Ed.2d 309 (1982) (quoting *Moore v. United States,* 464 F.2d 663, 666 (9th Cir.1972)). *See Drope v. Missouri, supra,* 420 U.S. at 172–73, 180, 95 S.Ct. at 904, 908; *Pate v. Robinson,* 383 U.S. 375, 385, 387, 86 S.Ct. 836, 842, 843, 15 L.Ed.2d 815 (1966). " '[W]hen habeas relief is sought on grounds of a violation of the *Pate* procedural right to a competency hearing, a petitioner shoulders the burden of proving that objective facts known to the trial court were sufficient to raise a bona fide doubt as to the defendant's competency.' " *Collins v. Housewright,* 664 F.2d 181, 183 (8th Cir.1981), *cert. denied,* 455 U.S. 1004, 102 S.Ct. 1639, 71 L.Ed.2d 872 (1982) (quoting *Reese v. Wainwright,* 600 F.2d 1085, 1090–91 (5th Cir.), *cert. denied,* 444 U.S. 983, 100 S.Ct. 487, 62 L.Ed.2d 410 (1979)).

1. The Honorable Clyde S. Cahill, United States District Court for the Eastern District of Missouri.

2. The Honorable David D. Noce, United States Magistrate for the Eastern District of Missouri.

Although the Supreme Court has not prescribed exact standards as to the quantum or nature of the evidence necessary to require a competency hearing, the Court has indicated that consideration of evidence relating to "a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial" is appropriate. *Drope v. Missouri, supra,* 420 U.S. at 180, 95 S.Ct. at 908.

[E]ven one of these factors standing alone may, in some circumstances, be sufficient. There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated.

*Id.*

In order to prove a claim of ineffective assistance of counsel a petitioner bears the burden of proving that his attorney "failed to exercise the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances, and that he was prejudiced by that failure." *Walker v. Solem,* 687 F.2d 1235, 1236 (8th Cir.1982) (citations omitted). The failure of trial counsel to request a competency hearing where there was evidence raising a substantial doubt about a petitioner's competence to stand trial may constitute ineffective assistance of counsel. *See generally Crenshaw v. Wolff,* 504 F.2d 377, 380 (8th Cir.1974), *cert. denied,* 420 U.S. 966, 95 S.Ct. 1361, 43 L.Ed.2d 445 (1975).

It is firmly established that a federal district court must grant an evidentiary hearing in a section 2254 action if the petitioner's allegations, if proven, would establish his right to release and "if relevant facts are in dispute and a fair evidentiary hearing was not granted in state court."[3] *Parton v. Wyrick,* 614 F.2d 154, 158 (8th Cir.), *cert. denied,* 449 U.S. 846, 101 S.Ct. 131, 66 L.Ed.2d 56 (1980). *See Townsend v. Sain,* 372 U.S. 293, 312–13, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963); *Jensen v. Satran,* 651 F.2d 605, 608 (8th Cir.1981); *Hampton v. Wyrick,* 606 F.2d 834, 836 (8th Cir.1979), *cert. denied,* 444 U.S. 1022, 100 S.Ct. 681, 62 L.Ed.2d 654 (1980). This rule generally applies unless the dispute can be resolved on the basis of the record. *Jensen v. Satran, supra,* 651 F.2d at 608; *Lindner v. Wyrick,* 644 F.2d 724, 729 (8th Cir.), *cert. denied,* 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981).

In the instant case, the district court denied Speedy's habeas petition without a hearing despite the facts that the petitioner was denied an evidentiary hearing on his Missouri Rule 27.26 motion, the Missouri Court of Appeals did not review the complete record in both the initial appeal and the appeal from the denial of postconviction relief, and petitioner had alleged that the postconviction records were incomplete and inadequate because of the absence of testimony of trial counsel, the petitioner, and other available witnesses. Under these circumstances we cannot conclude that petitioner had a full and fair hearing in state court. Moreover, petitioner raised at least one factual dispute relating to his competence at the time of trial which was not addressed by the magistrate in his report and recommendation and which could not be resolved solely on the basis of the record.

During Speedy's trial in state court Dr. Blackman, a psychiatrist who had examined Speedy on numerous occasions up to the time of trial, generally testified that

---

**3.** In *Jensen v. Satran,* 651 F.2d 605, 607–08 (8th Cir.1981) this court enumerated on this standard as follows:

A federal district court must grant an evidentiary hearing in a section 2254 action if: (1) the merits of the factual dispute were not resolved in a state hearing, (2) the state factual determination is not supported by the record, (3) the state fact finding procedure failed to provide full and fair hearings, (4) there is a substantial allegation of newly discovered evidence, (5) material facts were not developed at the state court hearing, or (6) it appears the state fact trier did not afford the petitioner a full and fair hearing.
*Pruitt v. Housewright,* 624 F.2d 851, 852 (8th Cir.1980) (*citing Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963)).

Speedy's mental condition had worsened while he was in jail, and that Speedy was desperately sick, suicidal, and should be immediately hospitalized.[4] Dr. Blackman also testified that he had advised Speedy's trial attorney of those facts and was advised by the attorney that nothing could be done before trial.[5] Petitioner contends that this testimony strongly indicates ineffective assistance in that it reveals that his trial attorney should have been acutely aware of his incompetency and was unaware of the legal possibility of a competency hearing. We agree with petitioner to the extent that we believe this testimony reveals a significant factual issue. Because Speedy did not receive an evidentiary hearing in state court or in federal district court, we must remand to the district court for an evidentiary hearing concerning Speedy's trial court's legal and factual knowledge concerning Speedy's competence to stand trial and his right to a competency hearing. *Cf. Jensen v. Satran, supra,* 651 F.2d at 608 (absence of evidentiary hearing in state court or federal court requires remand for evidentiary hearing).

In addition, there are other reasons we believe that remand to the district court is required in the instant case. As we noted above, among the relevant factors to be considered in determining whether a reasonable or substantial doubt exists concerning a defendant's competence to stand trial are medical opinion on competence to stand trial, irrational behavior, and demeanor at trial. *See Drope v. Missouri, supra,* 420 U.S. at 180, 95 S.Ct. at 908. In determining whether a sufficient doubt existed to require a competency hearing in the present case the magistrate apparently only considered the reports of the three psychiatrists who examined Speedy several months prior to trial. Two of these psychiatrists, Drs. Blackman and Shuman, indicated that, *at the time of the examination,* Speedy was competent to stand trial. *See Speedy v.*

*Wyrick,* No. 81–1098 C(5), slip op. at 3 (E.D.Mo. Feb. 26, 1982) (magistrate's report and recommendation). The magistrate rejected petitioner's contention that there was evidence introduced at trial which would raise substantial doubt on his competence, and appears to have concluded that such evidence could not be considered except by the court prior to trial. *See id.* at 5.

We believe that the magistrate erred in failing to consider the record evidence in the form of testimony by the defense psychiatrists at trial concerning Speedy's then existing mental state, evidence relating to irrational acts, and evidence relating to his demeanor at trial. As the Court noted in *Drope,* "[e]ven when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." 420 U.S. at 181, 95 S.Ct. at 908 (petitioner's behavior including suicide attempts while in jail). *See Lindhorst v. United States, supra,* 658 F.2d at 607 (at any time evidence appears creating a reasonable doubt, the trial court must order a competency hearing).

In the instant case petitioner contends that the record discloses evidence which should have created a reasonable doubt concerning his competency, including: (1) testimony by defense psychiatrists, Drs. Bergmann and Blackman, that Speedy had tried to commit suicide repeatedly while in jail awaiting trial; (2) testimony that Speedy's mental condition had deteriorated and that he required immediate hospitalization; (3) evidence relating to Speedy's irrational and violent behavior; (4) testimony that Speedy was severely depressed, unable to concentrate and out of contact with reality. On remand the district court should consider these contentions in its review of the record.[6]

---

4. *See* Record at 267, *State v. Speedy.*

5. *Id.*

6. We also note that the record in the instant case appears to be silent as to Speedy's demeanor or conduct during trial. Speedy did not testify on his own behalf and his counsel argued before this court that there is evidence

In summary, the decision of the district court denying Speedy's petition for a writ of habeas corpus is reversed, and the case is remanded for an evidentiary hearing to resolve the factual issues alluded to in this opinion. Furthermore, applying the principles set forth in this opinion, the district court should reconsider the issues of whether the trial court erred in failing to hold, *sua sponte,* a competency hearing and whether there was ineffective assistance by trial counsel in failing to request such a hearing.

Reversed and remanded for proceedings consistent with this opinion.

---

outside the record concerning his demeanor at trial which supports his contention that he was incompetent at the time of trial. On remand to the district court petitioner should be allowed

to introduce such evidence concerning his conduct at trial.