Terrance PROCTOR *v.* STATE of Arkansas

CR 86-133                                725 S.W.2d 827

Supreme Court of Arkansas
Opinion delivered March 16, 1987

*Joel O. Huggins,* for appellant.

*Steve Clark,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Terrance Proctor, appellant, pled guilty to one count of robbery and ten counts of aggravated robbery, and received ten sentences of twenty years imprisonment and one life sentence, each term to run consecutively. Proctor filed an A.R.Cr.P. Rule 37 petition alleging he received ineffective assistance of counsel, his guilty pleas were not voluntary, and that the trial court did not follow correct procedure in accepting the pleas. The petition was denied by the trial court without a hearing and we affirm.

Proctor contends an evidentiary hearing should have been granted on these issues. Rule 37.3(a) allows the trial court to dispose of a post-conviction petition, without a hearing, if "the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief. . . ." *See Simmons* v. *State,* 265 Ark. 48, 578 S.W.2d 12 (1979).

As ineffective assistance of counsel, Proctor alleges his attorney failed to interview certain witnesses who could have provided him with an alibi. Proctor does not state who these witnesses were, what their testimony would have been, or for which of the convictions they would have provided an alibi. Proctor told the trial judge at the plea proceedings that there were no witnesses he could subpoena, that he had discussed defenses with his attorney and knew of nothing that could change the outcome of the case, and that he was satisfied with his attorney's performance.

"When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that the counsel's representation fell below an objective standard

of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland* v. *Washington*, 466 U.S. 668 (1984). This test was applied to challenges to guilty pleas based on ineffective assistance of counsel in *Hill* v. *Lockhart*, ___ U.S. ___, 106 S.Ct. 366 (1985), where the Supreme Court said:

> [I]n order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

We said in *Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984) that a "defendant whose conviction is based upon a plea of guilty will have difficulty proving any prejudice since his plea rests upon his admission in open court that he did the act with which he is charged."

Proctor's unsupported allegations, which are inconsistent with his statements at the plea proceedings and which in no manner disprove his guilt, do not justify a hearing on his petition.

Proctor next alleges that his guilty plea was not knowingly and voluntarily given because he was told by his attorney that a deal had been reached with the prosecutor's office that concurrent thirty year terms would be recommended to the court. The trial court at the plea proceedings, however, addressed the defendant as follows:

THE COURT: And you want to enter a plea of guilty to all of these?

PROCTOR: Yes, sir.

THE COURT: Now, do you understand — This is not a negotiated plea?

MR. KING (prosecutor): No, sir.

MR. HELLER (defense counsel): No, it's a plea to the court.

THE COURT: Okay. There are potentially ten life sentences here.

PROCTOR: Yes, sir.

THE COURT: In other words — I don't think there's much doubt about it, Mr. Proctor, you're going to spend the rest of your life in the Department of Correction. Do you understand that?

PROCTOR: Yes, sir.

* * *

THE COURT: And you understand that in all likelihood you're going to spend the rest of your life in the Department of Correction?

PROCTOR: Yes, sir.

■ If there is any truth to Proctor's allegations that he was led to believe a deal had been reached, that possibility was negated when the court pointedly explained that there was no such agreement before taking the guilty pleas, and Proctor cannot now claim to have been misled.

Finally, Proctor contends that the trial court did not follow the proper procedure in taking his pleas. Proctor's petition does not specifically state the procedural errors he relies on, but his brief indicates a belief that the court failed to establish a factual basis for the pleas in compliance with A.R.Cr.P. Rule 24.6. Following is a representative colloquy between the court, the prosecutor and Proctor on one of the counts:

MR. KING: On the same day, October 31st, 1982, at approximately 1:30 p.m., Mr. Terrance Proctor entered the Noble Texaco Station at 3715 South University, where he asked Mr. Charles Diffee about some repair work and using a pay phone. He left the station. He returned shortly and asked Mr. Diffee for some change. And, as soon as the customers left, he pulled a pistol and demanded all the money. He then took Mr. Diffee's wallet and money from the cash register and ran out of the station. Apparently there was a lady who was driving into the station and saw him leaving the area. Apparently he had somebody else out in the car with him.

THE COURT: Mr. Proctor, did you rob Mr. Diffee on the day in question?

THE DEFENDANT: Yes, sir.

THE COURT: And you had a weapon?

THE DEFENDANT: Yes, sir.

THE COURT: And you displayed the weapon?

THE DEFENDANT: Yes, sir.

THE COURT: And you took some property from Mr. Diffee?

THE DEFENDANT: Yes, sir.

THE COURT: Are you pleading guilty because you are guilty?

THE DEFENDANT: Yes, sir.

Similar exchanges between the trial court and the defendant took place before each plea was accepted. This process not only meets the requirement of substantial compliance with the rules, it serves as a good model for other trial courts to follow whenever establishing a factual basis for a guilty plea.

Affirmed.