John HICKS *v.* STATE of Arkansas

CR 87-165                                           744 S.W.2d 383

Supreme Court of Arkansas
Opinion delivered February 8, 1988

*Johnny L. Nichols*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. In 1985 the appellant, John Hicks, after being charged as an habitual offender, pleaded guilty to two counts of criminal attempt to commit first degree murder and one count of criminal conspiracy to commit first degree escape and is presently serving his sentences. In 1986 he filed a petition for post-conviction relief claiming that his pleas were not intelligently and voluntarily entered and that he did not receive effective assistance of counsel. He asked for a new trial. The trial court granted a hearing, noted that appellant's "testimony is anything but credible," and denied the petition. We affirm.

Appellant first argues that his guilty pleas were not intelligently and voluntarily entered because he was incompetent at the time he pleaded guilty.

The applicable law is settled. The conviction of an accused person while he is legally incompetent violates due process. *Pate* v. *Robinson*, 383 U.S. 375 (1966). In order to be competent to stand trial one must have the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense. *Drope* v. *Missouri*, 420 U.S. 162 (1975); *Speedy* v. *Wyrick*, 702 F.2d 723 (8th Cir. 1983). A trial court should *sua sponte* order a competency hearing when there is a reasonable doubt about the defendant's competency to stand trial. *Campbell* v. *Lockhart*, 789 F.2d 644 (8th Cir. 1986); *Pate*, 383 U.S. 375.

As the Eighth Circuit Court of Appeals explained in *Speedy*, 702 F.2d at 725:

> This court has recently stated the test for determining whether a trial court should *sua sponte* order a competency hearing:
>
>> Under the rule of *Pate* v. *Robinson* . . . a due process evidentiary hearing is constitutionally compelled at any time that there is "substantial evidence" that the defendant may be mentally incompetent to stand trial. "Substantial evidence" is a term of art.

"Evidence" encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court. Evidence is "substantial" if it raises a reasonable doubt about the defendant's competency to stand trial. Once there is such evidence from any source, there is a doubt that cannot be dispelled by resort to conflicting evidence. The function of the trial court in applying *Pate's* substantial evidence test is not to determine the ultimate issue: Is the defendant competent to stand trial? Its sole function is to decide whether there is any evidence which, assuming its truth, raises a reasonable doubt about the defendant's competency. At any time that such evidence appears, the trial court *sua sponte* must order an evidentiary hearing on the competency issue.

. . .

Although the Supreme Court has not prescribed exact standards as to the quantum or nature of the evidence necessary to require a competency hearing, the Court has indicated that consideration of evidence relating to "a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial" is appropriate. *Drope* . . . .

With respect to habeas corpus proceedings, "a petitioner shoulders the burden of proving that objective facts known to the trial court were sufficient to raise a bona fide doubt as to the defendant's competency." *Speedy*, 702 F.2d at 725. The appellant also has the burden in a post-conviction proceeding.

Appellant contends that his history of irrational behavior indicated he was not competent. His social history was not put in evidence. His criminal history shows a total of nineteen separate offenses, including parole violations, ranging from two convictions for assault with intent to kill, to burglary, to grand larceny, to escape, to felon in possession of a firearm, and to criminal use of a prohibited weapon. We interpret the history as indicating he is a violent person, which is different from being incompetent.

Appellant points out that the court ordered a mental examination, but the examination had not been conducted at the time he pleaded guilty. He assigns this as error. His version of the facts amounts to an oversimplification of the complete story. At the post-conviction hearing, appellant's attorney testified that he filed a motion for a mental examination solely at appellant's instruction. The attorney testified that he thought the motion was frivolous and that it was filed as a "cover yourself" motion. The attorney testified that after appellant realized he would remain in Harrison, and not get to travel to Little Rock for the examination, he lost all interest in the evaluation. The attorney visited appellant the day before he pleaded guilty and went over the entire case with him. At that time appellant recognized that he was going to be convicted and wanted to plea bargain. He was especially concerned with whether the "time would be flattened." With regard to appellant's mental condition at the time he pleaded, the attorney testified: "He was alert, he was coherent, he was aware of what was going on around him, and, again, that day his concern was parole eligibility." The attorney also clearly testified that the only reason that the mental examination was not completed was because appellant wanted to expedite his plea.

Appellant contends that his attorney ignored his "previous psychological treatments." In fact, the attorney testified that he was unaware of any alleged previous treatments. He testified:

> [T]oday is the first time I heard it. I believe in our D.W.I. proceedings in Marion County, he had gone to Mental Health or DWI School. I don't know if that's what he's talking about or not.

The appellant has not shown by substantial evidence that he was incompetent to plead guilty.

Appellant next argues that his guilty plea should be vacated because he was denied effective assistance of counsel. He contends that counsel failed to ensure that he was competent and failed to investigate adequately the defense of insanity.

There is a presumption of effective assistance of counsel. *Smith* v. *State*, 291 Ark. 496, 725 S.W.2d 849 (1987). The appellant has a heavy burden of overcoming that presumption. *Maddox* v. *State*, 283 Ark. 321, 675 S.W.2d 832 (1984). To

prove ineffective assistance of counsel, the appellant must establish that his counsel's advice was not within the range of competence demanded of attorneys in criminal cases. He must show that counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment and that his counsel's conduct prejudiced him so as to undermine the proper functioning of the adversarial process. *Strickland* v. *Washington*, 466 U.S. 668 (1984). *See Robbins* v. *State*, 288 Ark. 311, 705 S.W.2d 6 (1986). The *Strickland* test has been made applicable to challenges to guilty pleas based upon claims of ineffective assistance of counsel. *Hill* v. *Lockhart*, 474 U.S. 52 (1985). In *Hill*, the court stated that the prejudice requirement is satisfied only by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See also Proctor* v. *State*, 291 Ark. 459, 725 S.W.2d 827 (1987).

Appellant contends that he has met his burden because of counsel's failure to investigate fully the issue of competence and the failure to have appellant complete the psychiatric evaluation. The arguments are without merit. As previously set out, the attorney, with good cause, thought the motion for mental examination was frivolous. The attorney had no information that appellant might be incompetent other than appellant's statement "I was crazy" at the time of the criminal acts. The appellant later indicated that by "crazy" he meant mixed-up due to drinking on the day the crimes were committed. The following colloquy at the time of the pleas is illustrative:

> *APPELLANT'S ATTORNEY*: Yes, sir, your Honor. We would withdraw that request. After we made that request I went back over to the jail and discussed it at some length with the defendant and I would ask him to concur in the statement I am about to make that he does not believe that he was insane at the time the acts were committed and believes he probably did know the difference between right and wrong, however, he now believes that he was mixed up, confused, is basically all it amounts to.

> *COURT*: There had been drinking going on at the time of these acts, is that true?

> *ATTORNEY*: That is true. Is that correct, John?

*APPELLANT*: Yes, sir.

*COURT*: You have a recollection of actually stabbing these people, do you not? You have confessed to it to three or four different sources, is that correct?

*APPELLANT*: Yes, sir.

The appellant also argues that the psychological examination conducted by the Department of Correction is proof that he lacked competency to stand trial. The argument is wholly without merit. The report of the examination reflects that the appellant is immature and slow thinking. It does not recite that he was not competent to stand trial.

Affirmed.